## FANNIN COUNTY *v.* PACK.

GEORGE, J.   1. Under section 1195 of the Civil Code, tax-receivers are required to give bond and security in a sum equal to one fourth of the amount of the State tax (not, however, to exceed $10,000) supposed to be due from the county for the year in which the bond is to be given; the bond to be made payable to the Governor. By section 1196 of the Civil Code, "receivers and their sureties are liable on their bonds for all penalties or forfeitures they may incur under the law, and for all losses, or damage, or expense the State may sustain by reason of their conduct." By section 291 of the Civil Code, "every official bond executed under this Code is obligatory on the principal and sureties thereon, . . for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." The duties of receivers are enumerated in the Civil Code, § 1197. Those duties do not include the duty to collect or handle any county funds. No bond is required of a receiver, payable to the county or to the ordinary of the county. Where no bond was given by the receiver to the ordinary or to the county, but the bond payable to the Governor as required by section 1195 was given, conditioned generally for the faithful discharge of all the duties required of the receiver, and where the receiver, in his settlement with the ordinary, by mistake or otherwise, obtained a warrant on the county treasurer for a sum in excess of his legal commissions and received payment thereof out of county funds and retained that sum, and where the surety himself had never received any county funds, the ordinary was not authorized to issue an execution against the surety on the bond of the receiver (made to the Governor and condi-

tioned as aforesaid), under sections 522 and 523 of the Civil Code, which provide that "ordinaries shall also have authority to compel all persons, their heirs, executors, or administrators, who have or may have in their hands any county money, collected for any county purpose whatever, to pay over the same," and, "on failure to pay the same, such ordinaries shall issue executions against such persons and their securities, if any, for the full amount appearing to be due, as the comptroller-general issues executions against defaulting tax-collectors."

2. In view of the ruling made in the preceding note, it is unnecessary to answer the other questions certified in this case.

*All the Justices concur.*

No. 1400.   JANUARY 16, 1920.

Questions certified by Court of Appeals (Case No. 9936; from Fannin).

*William Butt,* for plaintiff.

*Thomas A. Brown* and *B. L. Smith,* for defendant.